IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MOHAMMAD REZA TAVOOSI MAHYARI, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:21-CV-1653-N |
| WAL-MART STORES, INC., *et al.*, | § § § | |
| Defendants. | § § | |

# MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Wal-Mart Stores, Inc., Wal-Mart Associates, Inc., and Wal-Mart Stores Texas, LLC.'s (collectively "Walmart") motion to vacate [11] and Plaintiff Mohammad Reza Tavoosi Mahyari's cross-motion to confirm the arbitration award [14]. Concluding that Walmart has failed to carry its substantial burden to show that the arbitrator exceeded the authority conferred to him under the arbitration agreement, the Court denies Walmart's motion and grants Mahyari's cross-motion to confirm.

## I. THE INJURY AND UNDERLYING ARBITRATION

Mahyari worked at a Walmart location when he suffered an on-the-job injury. Def.'s Mot. to Vacate 9. As he passed through a gateway to the store's outdoor garden center, the gate's metal crossbeam fell and struck him. *Id.* He suffered injuries for which he sought recompense from Walmart. *Id.* Pursuant to his employment agreement, Mahyari pursued his claim via private arbitration. *Id.* at 8. In that proceeding, Mahyari prevailed. *Id.* at 10. The arbitrator awarded him $2.37 million in economic damages and $6.00 million

ORDER – PAGE 1

in noneconomic damages, costs, and pre-and-post judgment interest accruing at five percent annually. Def.'s Ex. A (the "Arbitration Award") at 17–18 [12-2]. He subsequently filed this action to enforce the arbitration award. Walmart has moved to vacate that award, arguing that the arbitrator exceeded his authority as set forth in the arbitration agreement between Mahyari and Walmart.

## II. THE ARBITRATOR DID NOT EXCEED HIS AUTHORITY IN HOLDING WALMART LIABLE FOR MAHYARI'S INJURIES

The Court considers Walmart's motion under a highly deferential standard of review. *Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 352 (5th Cir. 2004). The Federal Arbitration Act ("FAA") permits a district court to vacate an arbitration award, but the court may do so only in limited circumstances. 9 U.S.C. § 10(a). Though several circuits, including the Fifth Circuit, *see, e.g.*, *Kergosien*, 390 F.3d at 353, previously held that a court may properly vacate an arbitration award based on limited nonstatutory grounds, the Supreme Court has long-since clarified that the FAA provides the exclusive bases for vacatur. *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 532 U.S. 576, 584 (2008). Importantly, a reviewing court may not review the merits of the underlying proceeding to correct mere errors of law. *Householder Grp. v. Caughran*, 354 F. App'x 848, 851 (5th Cir. 2009); *see also Kergosien*, 390 F.3d at 354 (noting that, even prior to *Hall Street Associates*, the Fifth Circuit did not recognize vacatur predicated on the arbitrator's failure to "follow the law"). Absent a determination that a statutory basis to vacate the arbitral award exists, the FAA stipulates that the district court must confirm the award. 9 U.S.C. § 9.

In this case, Walmart asserts only that the arbitrator exceeded his authority. The Court, therefore, considers only whether it should vacate the award pursuant to 9 U.S.C. § 10(a)(4). "Section 10(a)(4) has been interpreted narrowly and allows vacatur of an award '[o]nly if the arbitrator acts outside the scope of his . . . [contractual] authority . . . .'" *Kemper Corp. Servs., Inc. v. Comput. Sci. Corp.*, 946 F.3d 817, 822 (5th Cir. 2020) (quoting *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013)). Hence, the agreement conferring the power to the arbitrator to bind the parties serves as the lodestar for the court's analysis, and the party seeking vacatur "bears a heavy burden" to establish its entitlement to that remedy. *Oxford*, 569 U.S. at 569.

Walmart raises two discrete arguments in support of vacatur on the issue of liability. First, it contends that Mahyari may recover only under a theory of premises liability and that Mahyari failed to present evidence of an essential element of such a claim. Second, Walmart argues that the arbitrator relied on the doctrines of *res ipsa loquitor* and spoliation in ruling in Mahyari's favor, thereby exceeding his authority under the arbitration agreement between Mahyari and Walmart.

Even if Walmart were correct on the law as to its first argument,[1] this Court would nevertheless exceed its statutory authority ruling in Walmart's favor on this ground. As

---

[1] Walmart argues that Texas law bifurcates premises liability and ordinary negligence liability. While this is often the case, the Texas Supreme Court has clearly identified injuries sustained by employees of nonsubscribing employers as an exception to the general rule. *Austin v. Kroger Tex. L.P.*, 465 S.W.3d 193, 216 (Tex. 2015). Nonsubscribing employers owe their employees duties not owed to the general public. *Id.* In other words, the relationship between an employee and nonsubscriber employer may give rise to liability predicated on ordinary negligence where, in the absence of the special relationship, only a claim sounding in premises liability would lie. The arbitration award identifies the breach

ORDER – PAGE 3

previously noted, the statute proscribes vacatur on the merits, but Walmart asks the Court to do exactly that. However framed — either as an error of law in finding liability predicated on ordinary negligence or as a finding of premises liability without evidence on an essential element — Walmart seeks a review of an alleged error in applying the law. Indulging this request would ensnare the Court in a reconsideration on the merits that it lacks the authority to provide. Accordingly, the Court defers to the findings of the arbitrator and declines to vacate on this ground.

Walmart's second argument also fails. The arbitration agreement states that the arbitrator may only rule on "claims" presented in the plaintiff's original notice. Def.'s Ex. D, App. A (the "Arbitration Agreement") § (g)(2) at 71 [12-2]. Walmart argues that the arbitration award relies on the doctrines of *res ipsa loquitor* and spoliation. This, it contends, merits reversal because these are "claims" under the meaning of the arbitration agreement that were not presented by Mahyari in his original notice. The Court takes at face value the arbitrator's statement that he did not rely on these concepts, but even if the arbitrator relied on either or both of these doctrines, vacatur is still improper.

The arbitration agreement is ambiguous regarding the meaning of the term "claims." The document itself does not supply a precise definition for the word. Common dictionaries offer multiple distinct meanings for the noun form of the word, *see, e.g.*, *Claim*,

---

of such a duty, rather than premises liability, as the basis of the finding of liability against Walmart. Were the Court to reach the merits of the liability finding—which, again, it cannot do—it would conclude that the mere fact the crossbeam fell on Mahyari's head, on its own, provides ample evidence that Walmart breached its nondelegable duty to provide a reasonably safe workplace.

ORDER – PAGE 4

OXFORD ENGLISH DICTIONARY (2d ed. 1989), and thus these sources do not supply an obvious "plain meaning." Even among legal practitioners the definition of "claim" varies depending on the precise context in which the term is being used. *See Claim* BLACK'S LAW DICTIONARY (11th ed. 2019). Finally, the contract itself uses the word — as a noun — in at least two different ways. *Compare* Arbitration Agreement § (a) (using term to mean cause of action or right to relief) *with* Arbitration Agreement § (g) (using term to mean an assertion or argument). The contract gave the arbitrator the sole authority to "resolve any dispute relating to the interpretation . . . of this agreement." Arbitration Agreement § (g). Having concluded that the contract uses the term "claims" in an ambiguous fashion, the arbitrator acted within his power to resolve the dispute over the meaning of the word to exclude the evidentiary doctrines of *res ipsa loquitor* and spoliation. As such, Walmart has failed to demonstrate an entitlement to vacatur as to liability pursuant to section 10(a)(4) of the FAA.

### III. THE ARBITRATION AGREEMENT DOES NOT PROHIBIT THE DAMAGES AWARDED

Walmart next argues that, even if the Court sustains as to liability, that the award should be vacated as to damages. It contends that the arbitrator exceeded an express limitation on his authority when he granted noneconomic damages in an amount significantly exceeding the amount requested by Mahyari. Finding fault with the logic of Walmart's argument and constrained from inquiring further into the merits under the applicable standard of review, the Court denies Walmart's request to vacate the noneconomic damages award.

ORDER – PAGE 5

Subsection G of the Arbitration Agreement, which defines the scope of the arbitrator's authority, prohibits him from "mak[ing] any award merely on the basis of what he . . . determine[s] to be just or fair." Arbitration Award § (g)(2). According to Walmart, the arbitrator violated this provision by granting noneconomic damages exceeding those requested by Mahyari. Walmart's argument may best be summarized as follows. Mahyari sought noneconomic damages equal to the economic damages he requested. The arbitrator granted economic damages in line with Mahyari's suggestion but nearly tripled the figure for noneconomic damages. To these facts, Walmart adds the premise that a plaintiff's request for damages must necessarily reflect the most extreme interpretation of the available evidence. The arbitrator's award exceeding Mahyari's demand then could only reflect the arbitrator's gut feeling of what is "just or fair." Therefore, the award violates the express terms of the agreement.

Far from being self-evident, this argument's key premise is itself "unmoored." Def.'s Mot. to Vacate 19. First, the Court notes that Walmart has failed to commend its attention to any provision of the contract that expressly prohibits the arbitrator from awarding noneconomic damages exceeding the amount requested. Nor has Walmart cited binding or persuasive authority so holding.[2] In the absence of any such direct or indirect support for its preferred rule, the Court rejects Walmart's premise that the noneconomic damages could only reflect an unprincipled sense of justice or fairness.

---

[2] The Court notes that setting intangible damages at a level three times that of economic damages has long been a rule of thumb in personal injury cases.

ORDER – PAGE 6

## CONCLUSION

For the foregoing reasons, the Court disagrees that the arbitrator exceeded the scope of his authority by ruling against Walmart. Accordingly, the Court denies Walmart's motion to vacate and grants Mahyari's cross-motion to confirm the arbitration award in its entirety.

Signed January 12, 2022.

_____
David C. Godbey
United States District Judge